IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

A.HAK INDUSTRIAL SERVICES BV,
and A.HAK INTANK SERVICES, LLC,

       Plaintiff,

    v.                            Civil Action No. 3:11-cv-74

TECHCORR USA, LLC,

       Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO COMPEL ANSWERS TO DISCOVERY**

This matter comes before the Court on Defendant's *First Motion to Compel* filed on June 5, 2013.[1]  Plaintiffs filed a Memorandum in Opposition to Defendant's First Motion to Compel on August 22, 2013. [2]  The Court held an evidentiary hearing and argument on Defendant's Motion on August 26, 2013. Plaintiffs appeared by Gordon H. Copland, Esq., and Mark Jeffries, Esq. Defendant appeared by Brad C. Bedwell, Esq., and John Porco, Esq. No testimony or evidence was presented at the hearing.

## I. INTRODUCTION

### A. Background

Plaintiffs, A.Hak Industrial Services BV and its wholly owned subsidiary A.Hak Intank Services ("A.Hak"), filed this trademark infringement action on August 31, 2011, alleging several federal and state law causes of action arising from Defendant, TechCorr's, use of five of

---

[1]Dkt. No. 59.

[2]Dkt. No. 74.

1

A.Hak's registered trademarks ("the Marks"). On September 16, 2011, TechCorr filed a related action against A.Hak, and others, in a Texas state court ("the Texas action") alleging that it had a license to use the Marks. The Texas state action was subsequently removed to the Southern District of Texas pursuant to 28 U.S.C. §1441.

In October 2011, both A.Hak, Defendants in the Texas action, and TechCorr, Defendant in the West Virginia action, moved to dismiss the respective complaints for lack of personal jurisdiction. This Court initially granted TechCorr's motion to dismiss on March 30, 2012, but on May 15, 2012, it granted A.Hak's motion for reconsideration, and on December 17, 2012, it denied TechCorr's renewed motion to dismiss. When this Court determined it could exercise personal jurisdiction over TechCorr in West Virgnia, A.Hak, which conceded personal jurisdiction in West Virginia, moved to transfer the Texas action to West Virginia. After eight months of wrangling over the various motions in the Texas action, the Texas Court transferred the case to this Court and granted A.Hak's motion to dismiss on June 10, 2013. On June 17, 2013, this Court stayed the West Virginia action until August 23, 2013, in order to consolidate the two cases. Finally, on August 20, 2013, the two cases were consolidated in this Court, and the stay was lifted.

On March 26, 2013, while the jurisdictional arguments were still pending in the Texas action, TechCorr served its first set of discovery in the West Virginia action on A.Hak. After A.Hak served its responses and objections, the parties engaged in several conference calls and email conversations in an attempt to work out their disagreements, but were unable to come to an agreement. On June 5, 2013, TechCorr filed this Motion to Compel, and this Court set an evidentiary hearing and argument for June 14, 2013. When this Court stayed the case pending

consolidation with the Texas action, that hearing was continued until August 26, 2013. On August 22, 2013, two days after the stay in this case was lifted, A.Hak filed a Memorandum in Opposition to TechCorr's Motion to Compel and contemporaneously filed supplemental discovery responses.

### B. The Motion

1. TechCorr's First Motion to Compel Discovery Responses.[3]

### C. Decision

TechCorr's First Motion to Compel is **GRANTED IN PART.** The Motion regarding requests for production 8 and 10, and interrogatories 4, 5, and 6 is **GRANTED**. Plaintiffs shall respond to that discovry within fourteen days from the date of this Order. The Motion regarding request for production 9 is **GRANTED IN PART.** To the extent that they have not already done so, Plaintiffs shall provide a privilege log to the Court and to Defendant within fourteen days from the date of this Order.

## II. THE MOTION TO COMPEL

### A. Contentions of the Parties

Defendant contends that Plaintiffs' responses to three of its requests for production of documents and three interrogatories were inadequate.[4] The discovery requests and the parties' contentions are as follows:

---

[3]Dkt. No. 59.

[4]Defendant's Motion originally asked the Court to compel responses to five interrogatories and fifteen requests for production of documents, but at the hearing, counsel informed the Court that the issues related to Interrogatories 2 and 3 and Requests for Production of Documents 1, 2, 3, 4, 5, 6, 11, 12, 13, 14, 15, and 16 had been resolved. Still in dispute are Plaintiff's responses to Requests for Production 8, 9, and 10 and Interrogatories 4, 5, and 6.

3

**Request for Production 8:** All communications, including emails, letters, and notes, that reference, discuss, or concern confusion, mistake, or deception related to the A.Hak Marks.

**Request for Production 9:** All communications including emails, letters, and notes, that reference, discuss, or concern TechCorr's right to use the A.Hak Marks.

Defendant contends that Plaintiffs have not produced any documents responsive to request for production 8, but that they must have responsive communications because the case has been pending for two years, and Plaintiffs must prove confusion, mistake, or deception as part of their federal trademark claims. Similarly, although Plaintiffs produced several documents responsive to request for production 9, Defendant complains that Plaintiffs must have more responsive documents than they have thus far produced. Defendant also argues that Plaintiffs failed to produce a privilege log as required by Federal Rule of Civil Procedure 26(b)(5)(A)(ii).

**Request for Production 10:** All agreements to perform work, invoices, purchase orders, and related documents for products and services that relate to the A.Hak Marks.

Defendant claims that this information is relevant to several issues in the litigation and is likely to lead to the discovery of admissible evidence.

**Interrogatory 4:** Please identify the measure and amount of damages for each of your claims of relief.

**Interrogatory 5:** Please identify all contracts and customers allegedly lost because of TechCorr's actions.

**Interrogatory 6:** Please identify all customers and potential customers that were allegedly confused, mistaken, or deceived because of TechCorr's use of the A.Hak Marks.

Defendant contends that the information requested in interrogatories 4, 5 and 6 is central to Plaintiffs' case. Although Defendant concedes that the interrogatories could be construed as

4

contention requests, it argues that at least a partial response is in order because the litigation has been pending since September of 2011.

Plaintiffs assert that they have fully responded to request for production 8, and that Defendant's claim that they are withholding documents is based on is mere speculation. As to request for production 9, Plaintiffs contend that they do not have any responsive documents other than those already produced or designated on the privilege log. Plaintiffs also contend that they produced a privilege log subsequent to Defendant's Motion to Compel. Plaintiffs argue that request for production 10 is overly broad, unduly burdensome, and not reasonably calculated to lead to relevant, admissible evidence. Finally, as to the interrogatories, Plaintiffs contend that they are premature at this stage of the litigation because they are contention interrogatories, and discovery on the merits has just started.

**B. Discussion**

Unless limited by court order, the scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1) which states "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Thus, parties in a civil action enjoy broad discovery, and "the discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). However, even though civil discovery is broad in scope, the discovery sought must be relevant. Fed.R.Civ.P. 26(b)(1). Additionally, "[e]ven assuming that information is relevant in the broadest sense, the simple fact

that the requested information is discoverable ... does not mean that discovery must be had."
*Nicholas v. Wyndham Int'l Inc.*, 373 F.3d 537, 543 (4ᵗʰ Cir. 2004). "This Court cannot compel a party to produce documents based solely on opposing speculation and belief that responsive documents exist and that the producing party is withholding them." *Susko v. City of Weirton*, 2011 WL 98557 at *5 (N.D.W.V. January 12, 2011). With this familiar framework in mind, the Court will turn to the Motion to Compel.

*1. Request for Production 8*

Request for production 8 seeks all communications "that reference, discuss, or concern confusion, mistake, or deception related to the A.Hak Marks." Plaintiffs responded they would "produce responsive, nonprivileged documents, and supplement as discovery progresses." However, as Defendant points out, and Plaintiffs concede, no documents have been produced in response to this request.

Plaintiffs contend that this Court's recent decision in *Susko v. Weirton*, finding that "mere speculation that documents exist is not a sound basis for a motion to compel production" is applicable here. *Weirton* at *4. In *Weirton*, the moving party claimed that documents responsive to its requests for production were being withheld by the non-moving party. *Weirton* at *3 -*5. However, the non-moving party stated numerous times that it had produced all the responsive documents it could find, and it also submitted an affidavit detailing the efforts undertaken to locate additional documents. *Id.* Accordingly, this Court found that the moving party was provided with a "a definitive response" to its requests for production, and without some evidence showing documents were being withheld, despite the non-moving party's definitive claims to the contrary, the motion to compel could not be granted. *Id.*

6

Here, in contrast, Plaintiffs have not provided a definitive response to request for production 8. Plaintiffs simply told Defendant they would produce responsive documents, but then produced nothing. Unlike the non-moving party in *Weirton*, Plaintiffs have not definitively stated that they have located no documents responsive to this request. For example, in their Response to Defendant's Motion to Compel, Plaintiffs state that they do not yet have "any documents showing specific customer confusion." However, the request is for all communications that reference, discuss, or concern confusion, mistake, or deception. Morever, unlike the non-moving party in *Weirton,* Plaintiffs did not submit an affidavit or other evidence showing their efforts to respond to Defendant's request. In sum, unlike the situation this Court discussed in *Weirton*, where one party claims the other party is withholding documents, yet that party contends that it has produced all that it can; here, Defendant is left wondering whether Plaintiffs have responsive documents because Plaintiffs have not stated whether they do.

For the foregoing reasons, the motion is **GRANTED** with respect to request for production 8. It is hereby **ORDERED** that Plaintiffs provide a definite response to request for production 8 within fourteen [14] days of this Order.

*2. Request for Production 9*

Unlike request for production 8, Plaintiffs produced several documents responsive to request for production 9, and specifically state in their Response to Defendant's Motion to Compel that "[t]here are simply are [sic] no other communications on the subject beyond those produced or designated on the privilege log." Defendant asserts that more responsive documents must exist, yet it presents no evidence to support its argument that Plaintiffs are withholding documents. As discussed above, this argument must fail. *See Kinetic Concepts, Inc. V. ConvaTec*

*Inc.*, 268 F.R.D. 226, 252 (M.D.N.C. May 12, 2010) ("[E]ven an informed suspicion that additional non-privileged documents exist...cannot alone support an order compelling production of documents.").

Defendant also argues that Plaintiffs failed to produce a privilege log as required by Federal Rule of Civil Procedure 26(b)(5)(A)(ii). Plaintiffs state in their Response that they subsequently provided a privilege log when they supplemented their answers. During the evidentiary hearing on the Motion to Compel, counsel for both parties advised the Court they had resolved many of the outstanding discovery issues, and Defendant did not raise the privilege log issue during oral arguments.

For the foregoing reasons, the motion is **GRANTED IN PART** with respect to request for production 9. To the extent they have not already done so, it is hereby **ORDERED** that Plaintiffs produce a privilege log as required by Federal Rule of Civil Procedure 26(b)(5)(A)(ii) within fourteen [14] days of this Order.

*3. Request for Production 10*

Request for production 10 asks for all contracts, invoices, and purchase orders for products and services relating to the Marks. Defendant contends that these documents will show exactly how the Marks were being used by Plaintiffs, which is relevant to Plaintiffs' claims, the determination of damages, and several of Defendant's defenses and counterclaims. Plaintiffs object that the request is overly broad and unduly burdensome, and that the information requested has no bearing on their claims or Defendant's defenses and counterclaims.

It is well established that boilerplate objections to discovery requests are disfavored in district courts within the Fourth Circuit. *See Kinetic Concepts, Inc. V. ConvaTec Inc.*, 268

F.R.D.226, 241 (M.D.N.C. May 12, 2010) (collecting cases).  "When discovery is contested, the party resisting discovery has the burden of clarifying, explaining and supporting its objections." *Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins.Co*., No. 05–CV–41, 2006 U.S. Dist. LEXIS 68744, at *1, *17 (N.D.W.Va. Sept. 21, 2006). A party objecting to a discovery request on the grounds that it is overly broad and burdensome must submit affidavits or other evidentiary proof showing exactly why the time or expense involved in responding to the request presents an undue burden. *See, e.g.  Alberts v. Wheeling Jesuit Univ*., No. 5:09CV109, 2010 WL 1539852, at *8 (N.D.W.Va. Apr. 19, 2010).

Here, Plaintiffs do not offer any support for their argument that the request is overly broad and unduly burdensome. Plaintiffs merely object that "[t]his request essentially seeks all documents relating in any way to any work done by A.Hak InTank using [the Marks]." They do not explain why the request is overly broad in light of the claims and defenses asserted by the parties. Nor do they attempt to show exactly how the production of the requested documents would represent an undue burden. Accordingly this Court finds Plaintiffs' objections on these grounds unavailing.

On the other hand, Plaintiffs do present specific reasons to support their argument that the information sought is not relevant to their claims or to Defendant's defenses and counterclaims. In objecting to production of documents relating to the work they have performed under the Marks, Plaintiffs essentially argue that the only information relevant to whether Defendant misused their Marks involves what actions *Defendant* took during the relevant time

9

period; therefore, *Plaintiffs'* actions with regard to the Marks are irrelevant.[5] However, in order to show misuse under the Lanham Act, Plaintiffs must prove that Defendant's use of the Marks is likely to cause confusion among consumers. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 930 (4th Cir. 1995). Contrary to Plaintiffs' contention that the nature and extent of their use of the Marks is irrelevant to this inquiry, courts must "look to how the *two parties* actually use their marks in the marketplace to determine whether the defendant's use is likely to cause confusion." *CareFirst of Maryland, Inc. v. First Care, P.C.*, 434 F.3d 263, 268 (4th Cir. 2006) (emphasis added). Thus, information regarding Plaintiffs' use of the Marks bears on Plaintiffs' federal trademark claims.

Plaintiffs also argue that information about their use of the Marks has no bearing on Defendant's counterclaims or defenses. Again, this Court disagrees. In order to prevail on a Lanham Act claim, the trademarks alleged to have been infringed upon must be valid and protectible. Because the Marks in question are registered, Plaintiffs enjoy a presumption that they are valid and entitled to trademark protection. *See* 15 U.S.C. §1115. However, this presumption of validity can be rebutted with evidence that the Marks are generic[6] or have been abandoned by nonuse, for example, and are therefore not entitled to trademark protection. *See,*

---

[5]Plaintiffs concede that these records may be relevant to their state law dilution claims under W. Va. Code §47-2-13(a), but nonetheless oppose production of the documents on the ground that they are "waiving" the state law claims. Because this Court finds that the requested documents are relevant to the federal claims, it need not address the rather fanciful suggestion that a party can deny discovery into a cause of action pleaded in the complaint as long as it promises not to pursue that claim going forward.

[6]In general, "a proposed mark cannot acquire trademark protection unless the mark is distinctive, that is, unless it serves the traditional trademark functions of "distinguishing the applicant's goods from those of others" and identifying the source of the goods." *Retail Services, Inc. v. Freebies Publishing*, 364 F.3d 535, 538 (4th Cir. 2004). In contrast to a distinctive mark, "a generic mark, by definition, neither signifies the source of goods nor distinguishes the particular product from other products on the market, [thus] a generic term cannot be protected as a trademark nor registered as one." *Id.* Thus, one of the ways in which a defendant can rebut the presumption of validity is by showing that the trademark in question is generic and never should have been granted trademark protection in the first place.

*e.g. Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1529 (4th Cir. 1984) ("The presumption which registration thus gives the mark, though, does not preclude one charged with infringement from collaterally attack[ing] in an infringement action, either by way of an affirmative defense or by way of a counterclaim seeking cancellation of the registration.").[7]   Business records showing the extent and duration of Plaintiffs' use of the Marks are clearly relevant to the issue of abandonment. Further, this information also bears on whether the Marks are used generically within the parties' industry. Thus, information regarding Plaintiffs' use of the Marks also bears on Defendant's defenses and counterclaims.

Finally, this Court disagrees that Plaintiffs' sales records are irrelevant in calculating damages. Plaintiffs argue that the only relevant inquiry in assessing damages for trademark infringement involves profits captured by Defendants. However, under the Lanham Act, a prevailing plaintiff is entitled "subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. §1117(a). Because an award of damages in a trademark infringement action is subject to the equitable discretion of the Court, the Fourth Circuit has identified six factors to guide courts in making damages awards under the Lanham Act. *See Synergistic Intern., LLC v. Korman*, 470 F.3d 162, 174-175 (4th Cir. 2006). One such factor, whether sales have been diverted by the infringement, "involves the issue of whether the plaintiff lost sales as a result of the defendant's trademark infringement activities, and the extent to which the plaintiff had entered the market

---

[7]Here, Defendant has done both. Defendant raises as an affirmative defense that the "INTANK" marks are widely used in the tank cleaning and inspection industry to describe the generic process of in-tank inspection. Similarly, Defendant argues that the "OTIS" mark is merely a generic acronym. Defendant also asserts abandonment as an affirmative defense, alleging that Plaintiffs have not used the "SCAVENGER" mark since purchasing the Marks in 2010. Defendant asserted a counterclaim seeking the cancellation of the Marks for these reasons.

11

area where the infringement occurred." *Id.* at 175. Thus, information regarding Plaintiffs' sales is directly applicable to the Court's damages calculations in a trademark infringement case.

In sum, the Court finds that the information requested is relevant to determining (1) whether Defendant's use of the Marks is likely to cause confusion, which is an essential element of Plaintiffs' Lanham Act claims; (2) whether the Marks are generic or abandoned, which are essential elements of Defendant's defenses and counterclaims; and (3) how damages should be determined should Plaintiffs prevail in their trademark claims. At the very least, the information sought by Defendant might lead to the discovery of further admissible evidence, and that is all the Federal Rules of Civil Procedure require. Accordingly, the motion in this regard is **GRANTED**.  It is hereby **ORDERED** that Plaintiffs fully respond to request for production 10 within fourteen [14] days of this Order.

*4. Interrogatories 4, 5, and 6*

"Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories. *See* Fed.R.Civ.P. 33(b)(1) (party must answer each interrogatory 'fully'). If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.' *Milner v. National School of Health Tech.*, 73 F.R .D. 628, 632 (E.D.Pa.1977)." *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa 1996). "A party must either answer the interrogatory, object to it, state that it does not possess the information and detail the efforts made to obtain it, or, if the burden of discovering the information is substantially the same for both the requestor and the requested, specify which of the requested's business records contain responsive information. *See* Fed.R.Civ.P. 33(d)." *Id.* "Interrogatories

may relate to any matters which can be inquired into under Rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence. An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time." Fed.R.Civ.P. 33(c).

Interrogatories 4, 5 and 6 request information relating to Plaintiffs' damages. Specifically, interrogatory 4 asks Plaintiffs to identify the measure and amount of damages for each claim. Interrogatory 5 asks Plaintiffs to identify all contracts and customers allegedly lost because of Defendant's actions, and interrogatory 6 asks for the identity of all customers who were allegedly confused, mistaken, or deceived. In response to all three interrogatories, Plaintiffs responded as follows:

> This interrogatory is premature because it seeks the contentions of A.Hak at an early stage of discovery at a point when further factual development of the case is needed to answer the interrogatory fully....A.Hak InTank will supplement its Answer once it has acquired the necessary information.

Contention interrogatories "ask another party to indicate what it contends, to state all facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts." *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D.Conn.1996). Contention interrogatories are beneficial in that they "can help pin down an opponent's legal theories in a case as well as the primary facts supporting them." *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 652 (D.Md.1997). However, as Plaintiffs point out, although contention interrogatories are permissible, they should not be served until

13

discovery has progressed far enough to allow the parties to develop their theories of the case. *See, e.g. Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 110-11 (D.N.J.1990).

Plaintiffs acknowledge that this case has been pending for two years, but argue that "it is only now beginning the merits discovery phase of the case" because "[t]he protracted battles over personal jurisdiction in this case, and whether the parallel Texas case...would be transfered to this district, have prevented the case from progressing." Thus, they contend that contention interrogatories are premature at this time. Defendant, on the other hand, contends that at least a partial response is in order because Plaintiffs filed the case two years ago, and the information requested in these interrogatories is central to their claims.

After reviewing the record in this case, this Court finds that it is appropriate for Plaintiffs to answer these interrogatories. This case has been pending in this Court for over two years. The Court acknowledges the protracted battles over jurisdiction in this case and the Texas action, but this Court denied Defendant's motion to dismiss on December 17, 2012.[8] Further, under the first scheduling order in this case, later vacated when the case was stayed, discovery was to be completed by August 12, 2013.[9]  The Court finds that this case is clearly far enough into the discovery phase that an answer to these interrogatories is warranted.

Because the Court finds that interrogatories 4, 5, and 6 are permissible, the only remaining issue is whether Plaintiffs' responses and supplemental responses are inadequate. Plaintiffs have not supplemented their response to interrogatory 4. However Plaintiffs supplemented their responses to interrogatories 5 and 6 as follows:

---

[8]Dkt. No. 40.

[9]Dkt. No. 46.

14

> A.Hak hereby incorporates by reference, as if set forth verbatim, its Answer to Interrogatory No. 8 of TechCorr's Second Set of Discovery Requests. A.Hak will supplement its Answer as it acquires additional information.

Interrogatory 8 of TechCorr's second set of discovery requests reads as follows:

> Please identify, including when, where, and how the statement was made, all instances of the "false representations, false descriptions, and false designations of origin" that serve the basis for your Second Claim for Relief, described in paragraph 25 of your Amended Complaint.

Plaintiffs' response to interrogatory 8, which they allege is responsive to both interrogatories 5 and 6, details several instances of alleged misrepresentations by TechCorr. This response is deficient in several respects. First, interrogatories 5 and 6 ask for information related to all of Plaintiffs' claims, but interrogatory 8 only references Plaintiffs' second claim. Further, interrogatories 5 and 6, which ask about all customers lost or deceived because of any of Defendant's actions, are broader than interrogatory 8, which only asks about instances of false representations, false descriptions, and false designations of origin. Thus, Plaintiffs' response to interrogatory 8 is not responsive to interrogatories 5 and 6.

For the foregoing reasons, the Motion to Compel with regard to interrogatories 4, 5, and 6 is **GRANTED**. It is hereby **ORDERED** that Plaintiffs fully respond to interrogatories 4, 5, and 6 within fourteen [14] days of this Order.

## III.  CONCLUSION

The Court finds that Plaintiffs failed to adequately respond to requests for production 8 and 10 and interrogatories 4, 5, and 6. Thus, Defendant's Motion to Compel with respect to those requests is **GRANTED.** Plaintiffs are ordered to provide complete responses to the requests within fourteen [14] days of the filing of this Order. The Court also finds that Plaintiffs

15

adequately responded to request for production 9, but only if a privilege log was provided. Accordingly, Defendant's Motion to Compel with respect to that request is **GRANTED IN PART.** If they have not already done so, it is hereby **ORDERED** that Plaintiffs produce a privilege log as required by Federal Rule of Civil Procedure 26(b)(5)(A)(ii) within fourteen [14] days of this Order.

Filing of objections does not stay this Order.

Any party may, within fourteen [14] days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is  made, and the basis for such objection.  A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**.

DATED: September 18, 2013                    /s/ *James E. Seibert*
                                             JAMES E. SEIBERT
                                             UNITED STATES MAGISTRATE JUDGE