IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

A.HAK INDUSTRIAL SERVICES BV
and A.HAK INTANK SERVICES, LLC,

    Plaintiffs,

v.                                CIVIL ACTION NO: 3:11-CV-74
                                    (JUDGE GROH)

TECHCORR USA, LLC,

    Defendant.


TECHCORR USA MANAGEMENT, LLC,

    Plaintiff,

v.

A.HAK INDUSTRIAL SERVICES B.V.;
A.HAK INDUSTRIAL SERVICES US LLC;
A.HAK INTANK SERVICES, LLC;
BERKELEY SPRINGS INSTRUMENTS, LLC;
and EUGENE SILVERMAN,

    Defendants.

**MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTION AND REVERSING IN PART MAGISTRATE JUDGE SEIBERT'S JUNE 9, 2014 ORDER**

Pending before the Court is A.Hak Industrial Services, BV's Objection [Doc. 196] to Magistrate Judge James E. Seibert's Order Denying Defendant TechCorr's Third Motion to Compel [Doc. 180]. TechCorr opposes the objection. For the following reasons, the Court **SUSTAINS** the Objection and **REVERSES IN PART** Magistrate Judge Seibert's

1

Order.

## I. Background

On May 14, 2014, TechCorr filed a third motion to compel. Magistrate Judge Seibert held a hearing regarding the motion on June 6, 2014. At the hearing, he denied the motion without prejudice. On June 9, 2014, he entered an Order confirming that ruling. This Order set deadlines for the parties to supplement the discovery at issue and correspond regarding any unresolved discovery issues. Magistrate Judge Seibert also set a deadline for TechCorr to file another motion to compel (if needed), set a response deadline to any such motion, and scheduled a hearing on any such motion for July 30, 2014 in Wheeling, West Virginia. He further ordered that "the CEOs of each party . . . appear in person" at the motion to compel hearing. Magistrate Judge Seibert later rescheduled the motion to compel hearing for July 22, 2014, the day after the parties must attend mediation before Magistrate Judge Seibert in Wheeling.

A.Hak BV filed an objection to the June 9, 2014 Order. A.Hak BV objects that Magistrate Judge Seibert cannot require that its equivalent of a CEO–General Manager Johan Robbe–attend the motion to compel hearing in person because Mr. Robbe, as a citizen and resident of the Netherlands, is outside of the Court's subpoena power. Alternatively, A.Hak BV argues that the requirement is an abuse of discretion. It also asks that Mr. Robbe be allowed to attend the hearing telephonically. TechCorr opposes this objection. It argues that the subpoena power issue is moot because A.Hak's CEO will be in West Virginia for the mediation.

## II. Standard of Review

A party can submit objections to a magistrate judge's ruling on nondispositive

matters, including discovery orders. Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" or "contrary to law" standard of review governs review of such orders. Fed. R. Civ. P. 72(a).

If a magistrate judge's decision is "clearly erroneous or is contrary to law," a district court may modify or set aside any portion of the decision. Id. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); see also Harman v. Levin, 772 F.2d 1150, 1152 (4th Cir. 1985). Given that a magistrate judge has broad discretion afforded to resolve "nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." Shoop v. Hott, Civil Action No. 5:08CV188, 2010 WL 5067567, at *2 (N.D.W. Va. Dec. 6, 2010) (citing Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D.N.Y. 1982)).

### III. Discussion

Statutes and rules can limit lower federal courts' inherent power. Chambers v. NASCO, Inc., 501 U.S. 32, 48 (1991). Federal Rule of Civil Procedure 45(c)(1) limits the court's power to compel an individual to attend a hearing as follows:

> **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>
> **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

>    **(i)** is a party or a party's officer; or
>
>    **(ii)** is commanded to attend a trial and would not incur substantial expense.

This provision was added to Rule 45 in 2013. Fed. R. Civ. P. 45, Advisory Committee Note, 2013 Amendment. The Advisory Committee Notes explain that it is intended to "resolve a conflict . . . about a court's authority to compel a party of party officer to travel long distances to testify at trial" and that "such testimony may now be required only as specified in new Rule 45(c)." Id.

Here, the Court lacks authority to require that the General Manager of A.Hak Industrial Services, BV attend the motion to compel hearing in person. The General Manager lives and works in the Netherlands, outside of West Virginia and more than 100 miles from Wheeling, West Virginia. He therefore is outside of Rule 45(c)(1)'s ambit.

TechCorr's contention that the mediation date renders Rule 45 inapplicable is misplaced because it assumes that A.Hak BV's General Manager must attend the mediation when that may not be the case. A.Hak BV must send someone with "full authority to make final and binding decisions" to the mediation. N.D.W. Va. L. R. Civ. P. 16.06(c). That individual may be A.Hak BV's General Manager, but someone else could also have such authority. Accordingly, the Court **SUSTAINS** A.Hak BV's objection because its equivalent of a CEO is beyond this Court's subpoena power. The Court will reverse the portion of Magistrate Judge Seibert's June 9, 2014 Order that compels A.Hak BV's CEO to attend the motion to compel hearing in person.

Rule 45(c), however, does not preclude Magistrate Judge Seibert from requiring that A.Hak BV's CEO or equivalent attend the hearing telephonically. See In re San Juan

4

Dupont Plaza Hotel Fire Litig., 129 F.R.D. 424, 426 (D.P.R. 1989) (ordering witnesses beyond subpoena power of former Rule 45 to testify via satellite and finding Rule 45 neither permitted nor prohibited the approach). The Advisory Committee Notes state that the purpose of Rule 45(c) is to prohibit a court from compelling a party's officer to travel long distances to attend a hearing. Subdivision (c) demonstrates that Rule 45(c) only seeks to circumscribe in-person attendance at hearings as it conditions the subpoena power on the locations of the individual and hearing. Further, remote attendance does not contravene the policy underlying Rule 45(c) because it does not require that a person travel at all. Accordingly, given the protracted nature of the discovery disputes that have arisen in this case and in the interest of fairness to the parties whose CEOs must attend the hearing in person, the Court finds good cause to order that A.Hak BV's CEO attend the hearing telephonically.

### IV. Conclusion

For the foregoing reasons, the Court **SUSTAINS** A.Hak Industrial Services BV's Objection and **REVERSES IN PART** Magistrate Judge Seibert's June 9, 2014 Order Confirming the Pronounced Order of the Court Denying Defendant TechCorr's Third Motion to Compel.

The Court **REVERSES** the June 9, 2014 Order's requirement that the CEO of A.Hak Industrial Services, BV attend the July 22, 2014 motion to compel hearing in person.

The Court **ORDERS** that A.Hak Industrial Services, BV's CEO (or equivalent person if no CEO exists) attend the July 22, 2014 motion to compel hearing by telephone. The Court **FURTHER ORDERS** that, before the proceeding, A.Hak. Industrial Services, BV do the following:

1. Advise Magistrate Judge Seibert of the name of the CEO (or the name of the equivalent person if no CEO exists) appearing on its behalf and that individual's telephone number by **July 15, 2014**.

2. Initiate one timely conference call with such individual to (304) 233-1348 **FIVE MINUTES PRIOR TO** the time of the scheduled proceeding. The conference operator shall have all persons appearing by telephone on the line prior to placing the call to the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** June 30, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE