IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

A.HAK INDUSTRIAL SERVICES B.V.
and A.HAK INTANK SERVICES, LLC,

      Plaintiffs,

v.                                       CIVIL ACTION NO.: 3:11-CV-74
                                                (JUDGE GROH)

TECHCORR USA, LLC,

      Defendant.

TECHCORR USA MANAGEMENT, LLC,

      Plaintiff,

v.

A.HAK INDUSTRIAL SERVICES B.V.;
A.HAK INDUSTRIAL SERVICES US LLC;
A.HAK INTANK SERVICES, LLC;
BERKELEY SPRINGS INSTRUMENTS, LLC;
and EUGENE SILVERMAN,

      Defendants.

### MEMORANDUM OPINION AND ORDER REVERSING IN PART MAGISTRATE COURT'S JULY 21, 2014 ORDER

Pending before the Court are TechCorr's Objections [ECF 243] to Magistrate Judge Robert W. Trumble's July 21, 2014 Order Denying in Part and Granting in Part TechCorr's Fourth Motion to Compel [ECF 239]. For the following reasons, the Court **SUSTAINS IN PART** TechCorr's Objections and **REVERSES IN PART** Magistrate Judge Trumble's July 21, 2014 Order.

1

**I. Background**

This case concerns the sale of intellectual property rights to robotic tank inspection and cleaning technology from Berkeley Springs Instruments, LLC ("BSI")–headed by Eugene Silverman–to A.Hak[1] in 2010. TechCorr claims that the sale should not have occurred because BSI and Silverman had granted it a right of first refusal to the intellectual property rights in addition to a perpetual license to use them.

In light of these events, A.Hak and TechCorr sued each other in this Court and the Southern District of Texas. A.Hak filed a complaint against TechCorr in this Court on August 31, 2011. A.Hak raises claims of federal and West Virginia trademark infringement, federal statutory unfair competition, and state dilution. On October 17, 2011, TechCorr filed a complaint against A.Hak, Silverman, and BSI in Texas. TechCorr's claims include breach of contract, tortious interference, Lanham Act violations, and trade secret misappropriation. Following extensive litigation concerning personal jurisdiction, the Texas case was transferred to this Court on June 11, 2013. The Court consolidated the cases on August 20, 2013.

Presently at issue is TechCorr's fourth motion to compel, filed on July 7, 2014. This motion concerns requests for production 1 through 4, 6, 10, 12, and 14 issued to A.Hak, BSI, and Silverman. After holding a hearing on this motion, Magistrate Judge Trumble granted TechCorr's motion in part on July 21, 2014. He granted TechCorr's motion in part as to request for production 6, but denied it as to the remaining requests for production. He denied the motion entirely as to discovery sought from BSI and Silverman. Several of

---

[1] A.Hak refers to A.Hak Industrial Services B.V., A.Hak Industrial Services US LLC, and A.Hak Intank Services, LLC.

these rulings were based on the fact that TechCorr did not produce the report of a damages expert by the expert disclosure deadline.

TechCorr now objects to Magistrate Judge Trumble's rulings on requests for production 6, 12, and 14 as well as BSI and Silverman's discovery obligations. A.Hak contests these objections. BSI and Silverman did not file a response.

## II. Standard of Review

A party can submit objections to a magistrate judge's order on a motion to compel. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" or "contrary to law" standard of review governs review of such orders. Fed. R. Civ. P. 72(a). If a magistrate judge's decision is "clearly erroneous or is contrary to law," a district court may modify or set aside any portion of the decision. Id. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); see also Harman v. Levin, 772 F.2d 1150, 1152 (4th Cir. 1985). Because a magistrate judge has broad discretion afforded to resolve "nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." Shoop v. Hott, Civil Action No. 5:08CV188, 2010 WL 5067567, at *2 (N.D.W. Va. Dec. 6, 2010) (citing Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D.N.Y. 1982)).

## III. Discussion

Absent a court order limiting the scope of discovery, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The discovery sought must be relevant. Id. Relevant information,

3

however, "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Thus, "the discovery rules are given 'a broad and liberal treatment.'" Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)).

TechCorr objects to Magistrate Judge Trumble's ruling on requests for production 6, 12, and 14 and BSI and Silverman's discovery obligations. The Court will address these objections in turn with the above principles in mind.

### 1. Request for Production 6

TechCorr's request for production 6 seeks:

> All documents concerning and/or related to the hiring, supervision, discipline, compensation, termination and/or separation of each person that is listed as a witness and/or person with knowledge of relevant facts, or may be called as a witness, or is a deponent in this matter, including (without limitation) the person's personnel and/or HR (human resources) file. This request includes (without limitation) Johan Robbe, Michael O'Connell, Gary Penney, David McGriff, Mike Jones, Ron Charles, and any other former employees of TechCorr.

All of the individuals named in this request worked for TechCorr and, with the exception of Mr. Penney, later worked for A.Hak.

Magistrate Judge Trumble granted this request in three respects: (1) "as to Michael O'Connell, David McGriff, Mike Jones a/k/a Mike King and Ron Charles;" (2) "as to any former employees of TechCorr not otherwise identified;" and (3) "as to Gary Penney or Mr. Penney's company, FloTech." He denied the request as to Mr. Robbe, A.Hak BV's General Manager who has never worked for TechCorr.

TechCorr argues that Magistrate Judge Trumble did not rule on whether A.Hak should produce documents for "each person that is listed as a witness and/or person with

4

knowledge of relevant facts, or may be called as a witness, or is a deponent in this matter." Relying on Behler v. Hanlon, 199 F.R.D. 553 (D. Md. 2001), TechCorr argues that helps prove bias of A.Hak employees who testify. TechCorr also contends that this evidence is relevant to damages, specifically whether employee performance negatively impacted A.Hak's tank inspection services.

A.Hak argues that TechCorr does not need this information because, give its employees' privacy interests, the mere fact that A.Hak employed a witness shows bias. A.Hak also contends that TechCorr's damages argument is speculative because the Order compelled discovery concerning the only A.Hak employee identified in discovery as having negatively affected sales of tank inspection services, Mr. O'Connell.

Here, Magistrate Judge Trumble denied this portion of the request because he only allowed discovery concerning the individuals specified in his Order. This decision was not contrary to law or clearly erroneous. Numerous courts have declined to order production of personnel files to prove bias because the mere fact that a party employed a witness suffices to do so. See, e.g., S.E.C. v. Nadel, Civil Action No. 11-215(WFK), 2012 WL 1268297, at *2-4 (E.D.N.Y. Apr. 16, 2012) (declining to order discovery into compensation of party's employee as fact of employment sufficed); Wis. Elec. Power Co. v. Union Pac. R.R. Co., Civil Action No. 06-C-515, 2008 WL 934431, at *1 (E.D. Wis. Mar. 31, 2008) (denying discovery of compensation of expert witnesses who were a party's full-time employees as fact of employment sufficed to prove bias); Haynes v. Shoney's Inc., Civil Action No. 89-30093-RV, 1991 WL 354933, at *5 (N.D. Fl. Sept. 27, 1991) (denying motion to compel production of files for fifteen employees as "the fact of employment alone is sufficient to demonstrate bias"). TechCorr's reliance on Behler is unavailing because that

5

case did not concern employment records of a party's witness. See 199 F.R.D. at 554-55. Rather, Behler only notes the general principle that relationships bearing on a witness are relevant to bias when considering whether a plaintiff could discover information about a doctor's compensation for Rule 35 examinations in other cases. Id. at 554-55, 557. Finally, as for TechCorr's damages argument, it was proper to deny discovery of employment information beyond the sole individual whose performance was identified as negatively A.Hak's tank inspection services. It is reasonable to find that the broader request is speculative, particularly given that there is no indication that this issue was widespread. Accordingly, the Court **OVERRULES** this objection.

### 2. Request for Production 12

TechCorr's request for production 12 seeks:

> All documents and communications concerning and/or related to the Petrobot project, including (without limitation) the agreements and communications among the participating parties, all applications to participate, concept papers, presentations, notifications of awards, receipts of payment (check aprons, skirts, stubs, or copies), memos and/or notifications of wire transfers, requests for receipt of payments or award or distribution of funds, and documents stating or referencing the value to you of the Petrobot project.

Announced in September 2013, the Petrobot project is a European Union initiative concerning robotic tank inspection that involves A.Hak B.V.

Magistrate Judge Trumble denied this discovery for three reasons: (1) information about the Petrobot project is subject to a confidentiality agreement; (2) the request seeks irrelevant information because the Petrobot project commenced after this litigation arose; and (3) any information obtained to support a damages claim would call for speculation because TechCorr did not disclose a damages expert.

TechCorr argues that this information is relevant to damages because, if A.Hak

6

leveraged the intellectual property rights to participate in the Petrobot project, TechCorr should instead be reaping the financial benefits of the project.

A.Hak counters that it is mere speculation that TechCorr would have been invited to participate in a project that involves only European countries and that occurred years after the A.Hak/BSI transaction. A.Hak contends that, regardless, TechCorr could not prove damages with this information without a damages expert.

Here, this ruling was clearly erroneous and contrary to law. First, the presence of a confidentiality agreement covering the documents does not mean that TechCorr cannot discover them. Indeed, A.Hak does not claim that the documents are privileged. See Fed. R. Civ. P. 26(b)(1). It therefore was error to deny this request based on the confidentiality agreement. This case has a confidentiality and protective order that can address any confidentiality concerns.

Second, discovery concerning the Petrobot project is reasonably calculated to lead to admissible evidence of TechCorr's damages. This case centers on TechCorr's claim that it, not A.Hak, should hold intellectual property rights concerning robotic tank inspection technology. The Petrobot project concerns that same type of technology and involves A.Hak. It is too soon to conclude that TechCorr cannot legally establish that it would have reaped benefits from the Petrobot project if it had the intellectual property rights. See F.C. Wheat Maritime Corp. v. United States, 663 F.3d 714, 725 (4th Cir. 2011) (noting that a party must "prove both the fact of damage and the extent of that damage with reasonable certainty"); see also 24 Williston on Contracts § 64:8 (4th ed. 2014) (noting that "damages must be established with reasonable, not absolute, certainty"). The fact that information about the Petrobot project may not ultimately be admissible to prove damages does not

7

mean that TechCorr cannot discover it. See Fed. R. Civ. P. 26(b)(1). Further, the fact that the project began after this litigation began does not render this request irrelevant as damages can continue to accrue after suit is filed. It therefore was contrary to law and clearly erroneous to find this request irrelevant.

Finally, this request does not fail for TechCorr's lack of a damages expert. Without knowing the contents of the documents requested, it cannot be said that TechCorr would need expert testimony to use the documents to prove damages. That issue is more appropriately addressed at another stage of this litigation. Indeed, the Court has not precluded TechCorr from seeking any damages based on its failure to meet the expert deadline. Accordingly, the Court **SUSTAINS** this objection. The Court **DIRECTS** the A.Hak parties to comply with request for production 12 within **fourteen days** of this Order.

### 3. Request for Production 14

TechCorr's request for production 14 seeks:

> All plans, business plans, strategic plans, forecasts, projections, budgets, operating plans, short term or long term financial plans, management reports and/or similar documents in which the terms or acronyms robot, OTIS, Scavenger, In-Tank, InTank, TechCorr or intank non-destructive testing services for tanks are mentioned, discussed, analyzed, or referred to in any way.

Magistrate Judge Trumble denied this request for three reasons: (1) the information sought is irrelevant and speculative; (2) A.Hak already produced records reflecting actual performance, the true measure of damages; and (3) the information would be speculative without an expert to marshal the data.

TechCorr contends that this information is relevant to proving the intent element of its Lanham Act claim and damages. A.Hak responds that its business plans are irrelevant to those issues. It maintains that it has produced the best evidence of its performance, the

8

actual results it achieved in robotic tank inspection following the A.Hak/BSI transaction. A.Hak further contends that, even if these documents were relevant, TechCorr could not use them without a damages expert to establish lost profits.

To prevail on a trademark infringement and unfair competition claim under the Lanham Act, a plaintiff must prove "it ha[d] a valid, protectible trademark and that the defendant's use of a colorable imitation of the trademark is likely to cause confusion among consumers." Synergistic Int'l, LLC v. Korman, 470 F.3d 162, 170 (4th Cir. 2006) (citation and quotation marks omitted). The Fourth Circuit Court of Appeals has identified seven factors courts should consider when assessing the likelihood of confusion aspect of this claim. Id. at 170-71. One of those factors is "the defendant's intent." Id. at 171.

The defendant's intent also plays a role in assessing damages for a Lanham Act violation. A plaintiff who prevails on such a claim is entitled, "subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). The Fourth Circuit has identified six factors to guide courts in awarding damages under the Lanham Act. See Synergistic Int'l, LLC, 470 F.3d at 175. One factor is "whether the defendant had an intent to confuse or deceive," which "addresses whether there has been a willful infringement on the trademark rights of the plaintiff, or whether the defendant has acted in bad faith." Id.

Here, denying this discovery was clearly erroneous and contrary to law. This request seeks A.Hak's business plans and similar documents that include terms that specifically relate to the intellectual property at issue. Such documents are probative of how A.Hak planned to use that property. See id. This information therefore is relevant to the intent element of TechCorr's Lanham Act claim and, should TechCorr succeed on that

9

claim, its damages. For example, the records could indicate that A.Hak acted in bad faith. This request also is not speculative as it seeks only those documents that mention the intellectual property rights at issue. Further, because a multi-factor damages analysis applies to Lanham Act claims, it was contrary to law to find that A.Hak's actual performance is the true measure of damages. See id. Finally, the lack of a damages expert does not preclude discovery of these documents. The discovery sought is relevant to more than damages. Moreover, like with request for production 12, the Court cannot conclude that TechCorr would need an expert to prove damages based on the documents without knowing their contents.

Accordingly, the Court **SUSTAINS** this objection. The Court **DIRECTS** the A.Hak parties to comply with request for production 14 within **fourteen days** of this Order.

### 4. Discovery Sought from BSI and Silverman

BSI and Silverman objected to all of the requests for production at issue, but, subject to those objections, stated that they had no responsive documents. At the hearing, they explained that they had no responsive documents because these requests–aside from the request for personnel files of their employees who testify–concern the A.Hak parties. Magistrate Judge Trumble denied the motion to compel entirely as to BSI and Silverman, finding that they had sufficiently answered the discovery requests.

TechCorr now contends that BSI and Silverman should be compelled to produce documents concerning the requests for production to which it presently objects because, given that BSI and Silverman have aligned with A.Hak during this case, they may have responsive documents.

Here, it was proper to deny the motion to compel as to BSI and Silverman. Like with

A.Hak, TechCorr's argument that personnel files of BSI employees who testify are needed to prove bias fails. See, e.g., Nadel, 2012 WL 1268297, at *2-4. As for requests for production 12 and 14, they are directed at A.Hak's activities. It was not clearly erroneous or contrary to law to accept BSI and Silverman's representations that they have no documents regarding matters that do not pertain to them. For example, at the hearing, BSI and Silverman stated that they are not involved in the Petrobot project. Accordingly, the Court **OVERRULES** this objection.

### IV. Conclusion

For the foregoing reasons, the Court **SUSTAINS IN PART** TechCorr's Objections and **REVERSES IN PART** Magistrate Judge Trumble's July 21, 2014 Order Denying in Part and Granting in Part TechCorr's Fourth Motion to Compel.

The Court **ORDERS** that the A.Hak parties comply with requests for production 12 and 14 no later than **fourteen days** of the filing of this Order.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** September 2, 2014

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE