IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

A.HAK INDUSTRIAL SERVICES B.V.
and A.HAK INTANK SERVICES, LLC,

    Plaintiffs,

v.                                                                CIVIL ACTION NO.: 3:11-CV-74
                                                                  (JUDGE GROH)

TECHCORR USA, LLC,

    Defendant.


TECHCORR USA MANAGEMENT, LLC,

    Plaintiff,


v.

A.HAK INDUSTRIAL SERVICES B.V.;
A.HAK INDUSTRIAL SERVICES US LLC; and
A.HAK INTANK SERVICES, LLC,

    Defendants.

### MEMORANDUM OPINION AND ORDER DENYING A.HAK'S MOTION TO RECONSIDER SEPTEMBER 2, 2014 ORDER REVERSING IN PART MAGISTRATE COURT ORDER

Pending before the Court is A.Hak's[1] Motion to Reconsider the Court's Order Reversing in Part the Magistrate Court's July 21, 2014 Order. ECF 263. For the following reasons, the Court **DENIES** this motion.

---

[1] A.Hak refers to A.Hak Industrial Services B.V., A.Hak Industrial Services US LLC, and A.Hak Intank Services, LLC.

1

**I. Background**

This case concerns the sale of intellectual property rights to robotic tank inspection and cleaning technology from Berkeley Springs Instruments, LLC ("BSI")–headed by Eugene Silverman–to A.Hak[2] in 2010. TechCorr claims that the sale should not have occurred because BSI and Silverman had granted it a right of first refusal to the rights in addition to a perpetual license to use them.

In light of these events, A.Hak filed a complaint against TechCorr in this Court on August 31, 2011. A.Hak raises claims of federal and West Virginia trademark infringement, federal statutory unfair competition, and state dilution. On October 17, 2011, TechCorr filed a complaint against A.Hak, Silverman, and BSI in the Southern District of Texas. TechCorr's claims include breach of contract, tortious interference, Lanham Act violations, and trade secret misappropriation. Following extensive litigation concerning personal jurisdiction, the Texas case was transferred to this Court on June 11, 2013. The Court consolidated the cases on August 20, 2013.

On July 7, 2014, TechCorr filed its fourth motion to compel concerning requests for production 1 through 4, 6, 10, 12, and 14 issued to A.Hak, BSI, and Silverman. After holding a hearing on this motion, Magistrate Judge Robert W. Trumble granted TechCorr's motion in part as to request for production 6, but denied it as to the remaining requests for production. He denied the motion entirely as to discovery sought from BSI and Silverman.

TechCorr objected to Magistrate Judge Trumble's rulings on requests for production 6, 12, and 14 as well as BSI and Silverman's discovery obligations. A.Hak contested these

---

[2] A.Hak refers to A.Hak Industrial Services B.V., A.Hak Industrial Services US LLC, and A.Hak Intank Services, LLC.

objections. BSI and Silverman did not respond. On September 2, 2014, the Court reversed in part the magistrate court's order. The Court overruled TechCorr's objection that it was entitled to discovery concerning request for production 6 and from BSI and Silverman. The Court, however, ordered A.Hak to comply with requests for production 12 and 14 no later than fourteen days from entry of the Order. Following this Order, the Court dismissed BSI and Silverman from this case because they had reached a settlement.

On September 8, 2014, A.Hak filed the pending Motion to Reconsider. A.Hak asks the Court to reconsider the portion of its Order that grants discovery concerning request for production 12. Alternatively, A.Hak requests clarification of the extent of production required to comply with this discovery request.

## II. Standard of Review

Under Federal Rule of Civil Procedure 54(b), a court may revise an interlocutory order "at any time before the entry of a judgment." See Boyd v. Coventry Health Care, Inc., 828 F. Supp. 2d 809, 813 (D. Md. 2011) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983)). In light of this discretion, a motion for reconsideration is "'not subject to the strict standards applicable to motions for reconsideration of a final judgment.'" Id. at 814 (quoting Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003)). "Nevertheless, 'doctrines such as law of the case . . . have evolved as a means of guiding' district courts' discretion to reconsider interlocutory orders." Id. (citing Am. Canoe Ass'n, 326 F.3d at 515). "The law of the case doctrine dictates that courts must follow the law that a prior decision establishes unless '(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was

clearly erroneous and would work manifest injustice.'" Id. (quoting Sejman v. Warner-Lambert Co., 845 F.2d 66, 69 (4th Cir. 1988)). "Albeit omnipresent, the law of the case doctrine cannot positively prohibit a district court from reconsidering an interlocutory order in light of federal courts' 'ultimate responsibility . . . to reach the correct judgment under law.'" Id. (quoting Am. Canoe Ass'n, 326 F.3d at 515). "Yet 'concerns of finality and judicial economy' may temper this responsibility." Id. (quoting Am. Canoe Ass'n, 326 F.3d at 515). Thus, "relief is rarely ever appropriate '[w]hen the motion raises no new arguments, but merely requests the district court to reconsider a legal issue or to change its mind.'" Id. (citing Pritchard v. Wal-Mart Stores, Inc., 3 F. App'x 52, 53 (4th Cir. 2001)).

### III. Discussion

Request for production 12 seeks:

> All documents and communications concerning and/or related to the Petrobot project, including (without limitation) the agreements and communications among the participating parties, all applications to participate, concept papers, presentations, notifications of awards, receipts of payment (check aprons, skirts, stubs, or copies), memos and/or notifications of wire transfers, requests for receipt of payments or award or distribution of funds, and documents stating or referencing the value to you of the Petrobot project.

The Petrobot project is a European Union initiative concerning robotic tank inspection that involves A.Hak B.V.

A.Hak asks the Court to reconsider requiring that it produce this information on two grounds. First, it argues that it is mere speculation that TechCorr would have participated in the project if it had the intellectual property rights. A.Hak raised this argument in its response to TechCorr's objections. Second, A.Hak argues that, at a deposition held on August 6, 2014, TechCorr stipulated it was no longer seeking damages based on lost corporate opportunity, which would include the Petrobot project.

4

Here, the Court considered the speculation argument when ruling on TechCorr's objections and rejected it. A.Hak therefore is merely asking the Court to reconsider a legal issue. That is not a ground for vacating the Order. See id. As for the averred stipulation, this evidence is not new to A.Hak. The deposition occurred on August 6, 2014. A.Hak responded to TechCorr's objections twelve days later, but did not reference the deposition. A.Hak therefore is neither contending that the Court committed a legal or factual error nor that it has newly discovered evidence. Rather, A.Hak is asking the Court to change its mind based on information it had but did not disclose when opposing TechCorr's objections. This, too, is an improper basis for granting relief from a prior decision.[3] See id. Accordingly, the Court denies the motion for reconsideration.

Turning to A.Hak's request for clarification, the Court's Order was clear. A.Hak must comply with request for production 12 no later than fourteen days of the filing of the September 2, 2014 Order. Thus, the Court denies the motion for clarification.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** A.Hak's Motion to Reconsider the Court's Order Reversing in Part the Magistrate Court's July 21, 2014 Order.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

---

[3] Moreover, the averred stipulation is not entered on the docket and is not clear in the deposition transcript. For example, in the transcript, the parties rely on damages listed on an exhibit that is not included with the Motion to Reconsider.

**DATED:** September 16, 2014

                                                       GINA M. GROH
                                                      UNITED STATES DISTRICT JUDGE